# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DENNIS CARRILLO,

    Plaintiff,

v.                                                                                       No. CIV 03-233 WJ/RLP

QWEST,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendant's Motion to Dismiss filed February 28, 2003 [Docket No. 3]. Having reviewed the briefs of the parties and the pleadings in this case, I find that Defendant's motion is well taken and will be granted.

Plaintiff Dennis Carrillo was hired by Defendant Qwest as an occupational employee in May, 1996. In May, 2001, Plaintiff was promoted to acting manager. On December 21, 1991, he was terminated for alleged violations of the Qwest Code of Conduct ("the Code"), including the exhibition of violence in the workplace. Plaintiff filed a claim for wrongful termination in the First Judicial District Court, County of Santa Fe, on January 9, 2003 and served Defendant with his Summons and Complaint on January 22, 2003.

Pursuant to 28 U.S.C. § 1446(b), Qwest filed a timely Notice of Removal on February 21, 2003. As grounds for removal, Defendant asserted that this Court has federal-question jurisdiction because Plaintiff was included in the Collective Bargaining Agreement (CBA) between Qwest and the Communication Workers of America. It also argued that removal was appropriate based on diversity of citizenship pursuant to U.S.C. § 1332. Qwest subsequently filed

a Notice of Withdrawal of Federal-Question Allegations in Notice of Removal Filed February 21, 2003 (Docket No. 2), explaining that Mr. Carrillo, as an acting manager, ceased to be a member of the bargaining unit and was no longer covered by the CBA.  Diversity remains as grounds for removal of the case and Plaintiff does not dispute the propriety of diversity jurisdiction in this Court.

Although there may be some question remaining concerning the applicability of the express CBA contract to Plaintiff, (Affidavit of Martin Threet, (Docket No. 8)), in the instant lawsuit Plaintiff's claims are based on an implied contract allegedly created by the Code. Plaintiff alleges that defendant violated certain contractual rights contained in the Code including his right to review his personnel file and to talk with his immediate supervisor prior to termination.  Defendant contends that no contractual rights exist between Qwest and Mr. Carrillo.

**Standard of Review**

Defendant filed this motion pursuant to Fed. R. Civ. P. 12 (b)(6), asserting that Plaintiff's Complaint should be dismissed as a matter of law because it fails to state a claim upon which relief can be granted.  Defendant attached excerpts of the Code to its Motion to Dismiss (Docket No. 4, Exhibit 1) and Plaintiff attached the entire document to its Response to Defendant's Motion to Dismiss (Docket No. 7, Exhibit A).  When a court considers matters outside the complaint when ruling on a 12(b)(6) motion, that motion is ordinarily converted to a motion for summary judgement under the standards contained in Fed. R. Civ. P. 56.  However, the Court may consider a document referenced in the complaint but not attached to it without converting a motion to dismiss to a summary judgement motion when the document's authenticity is unquestioned and it is integral and central to Plaintiff's claim.  See GTF Corp. v Associated Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).

In this case the authenticity of the Code is not contested by either party. It is cited in the complaint and is integral to Plaintiff's implied contract claim. Plaintiff acknowledges that "defendant ... avoided transformation of its Motion to Dismiss into a Motion for Summary Judgement." Response, p. 5. Accordingly, the Code will be considered by the Court and that consideration will not convert Defendant's motion to one for summary judgement.

Plaintiff also filed a Rule 56(f) affidavit stating that certain discovery materials, including depositions of security personnel and Plaintiff's complete employment file, were necessary for Mr. Carrillo to respond to Defendant's Motion to Dismiss. This affidavit cannot be appropriately considered under a Rule 12 (b)(6) standard, therefore, the Court will not rely upon the document in reaching its decision.

A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. David v City and County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996). When deciding a motion to dismiss, the Court must accept as true all well pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff. Stidman v. Peace Officer Standards and Training, 265 F.3d 1144 (10th Cir. 2001).

**Plaintiff's Claims for Breach of Employment Contract**

Plaintiff claims that the Code created an implied contract which defendant breached by terminating him without just cause. Defendant contends that no implied contract existed and Plaintiff's employment was terminable at-will.

The general rule under New Mexico law is that an employment contract is for an indefinite period and is terminable at the will of either party unless the contract is supported by consideration beyond the performance of duties and payment of wages or there is an express

3

contractual provision stating otherwise.  Hartbarger v. Frank Paxton Co., 115 N.M.665, 668, 857  P.2d  776, 779 (1993), cert. denied, 510  U.S. 1118 (1994).   An at-will relationship may be modified by an implied employment contract arising out of personnel manuals.  See Lukoski v. Sandia Indian Management Co., 106  N.M. 664, 666-667,  748 P.2d 507, 509-510 (1988).  The Court must consider the totality of the circumstances surrounding an employee's dismissal in determining whether an employee has overcome the presumption of at-will employment.  Kestenbaum v. Pennzoil Co., 108 N.M. 20, 26,  766 P.2d 280, 286 (1988), cert. denied, 490 U.S. 1109 (1989).

The Code specifically states that it "does not represent an employment contract and created no contractual rights between Qwest and employees."  It also says that "...Qwest may terminate the relationship at any time, with or without cause."  Code, inside cover.  New Mexico courts have upheld the validity of such disclaimers,  Paca v. K-Mart Corp., 108 N.M. 479, 481, 775 P.2d 245, 247 (1989), however, such a disclaimer does not automatically negate a document's contractual status.  It must be read in reference to the parties "norms of conduct and expectations founded upon them."  McGinnis v. Honeywell, Inc., 110 N.M.1, 791 P.2d 452 (1990).  An implied contract is created only where an employer creates a reasonable expectation.  Whether or not an expectation is reasonable is determined by how definite, specific, or explicit the representation or conduct relied upon has been.  Hartbarger, 115  N.M. at 672,  857 P.3d at 783.

Plaintiff argues that certain Code provisions establish " norms of conduct and expectations flowing from the Code"  which support an implied contract term limiting Qwest's right to terminate except for just cause.  He claims that because any violation of the norms of conduct will subject the employee to possible disciplinary action, including termination, that these provisions give rise to a reasonable expectation of continued employment.

4

The New Mexico courts have upheld findings of an implied employment contract provision that restricted the employer's power to discharge where the employer has established procedures for termination that include elements such as a progressive discipline policy, New Mexico Regulation & Licensing Dept. v. Lujan, 127 N.M.233, 979 P.2d 744, 749 (Ct. App. 1999), Kiedrowski v. Citizens Bank, 119 N.M. 572, 576, 893 P.2d 468, 472 (Ct. App. 1995), a review by Human Resources, Mealand v Eastern New Mexico Medical Center, 110 N.M.1, 33 P.3d 285 (Ct App. 2001) or compliance with a work force realignment guide. McGinnis v. Honeywell, Inc., 110 N.M.1, 791 P.2d 452 ( 1990). The Tenth Circuit found that a disclaimer did not negate an implied employment contract in a case involving a personnel manual which contained specific provisions that an employee who had been employed for ten years or longer was not to be terminated without approval of senior management. Zaccardi v.Zale Corp., 856 F.2d 1473 (10th Cir. 1988) The courts have found that no implied contract existed in cases where the alleged promise was not sufficiently explicit. Hartbarger, 115 N.M. at 676, 857 P.2d at 787, Garrity v. Overland Sheepskin Co. of Taos, 121 N.M. 710, 917 P.2d 1382 (1996).

The only statement in the Code regarding termination is that "[e]mployees who violate this Code and corporate policies may be subject to disciplinary action--up to and including termination of employment." Code at 4. It contains no specific disciplinary or termination procedure. The inside cover contains a disclaimer which makes it clear that Qwest expressly reserves the right to remove employees without cause. It plainly states that unless an employee is covered by a collective bargaining agreement, employment is at-will and that Qwest can terminate an employee at any time, for any reason. A written personnel policy cannot be said to have created any reasonable expectation of an implied contract where there is an express reservation of the right to terminate an employee for any reason. Id; cf. Lukoski, 106 N.M. at 666-667, 748 P.2d at 509-

510 (holding that employee handbook modified at-will relationship in part because it established suspension and termination procedures).

The Code does not set forth any specific procedure that creates any substantive or procedural rights for employees prior to termination. It includes no representation sufficiently explicit to establish an implied contract not to terminate except for just cause. Mr. Carrillo could not have had any reasonable expectation that his status as an at-will employee was altered by the Code and his implied contract claims must therefore be dismissed.

**Retaliatory Discharge Claim**

Qwest's Motion to Dismiss addresses a retaliatory discharge claim. Plaintiff's Response to Defendant's Motion to Dismiss establishes that he was not attempting to state such a claim. Accordingly, the Court need not address a retaliatory discharge claim, as Plaintiff is not asserting any such claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 3) is hereby granted and Plaintiff's Complaint is hereby dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE