# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DENNIS CARRILLO,

      Plaintiff,

v.                                                                No. CIV 03-233 WJ/RLP

QWEST,

      Defendant.

## MEMORANDUM OPINION AND ORDER

     THIS MATTER comes before the Court pursuant to Plaintiff's Motion to Modify or Amend Judgement Granting Defendant's Motion to Dismiss and for Leave to File First Amended Complaint [Docket  No. 19] filed June 10, 2003, and Plaintiff's Motion for Leave to Interview and Depose Witness [Docket No. 25] filed July 3, 2003.   Having reviewed the motions, the briefs of the parties and the relevant law, the Court finds that the motions are not well taken and shall be denied.

     Plaintiff Dennis Carrillo was employed by Defendant Qwest as an occupational employee for approximately five years.  In May, 2001, Plaintiff was promoted to acting manager and  on December 21, 2001,  he was terminated from that position.  Plaintiff filed a Complaint, alleging that he was terminated without cause in violation of an implied contract of employment and QWest moved to dismiss  the case for failure to state a claim.  By Memorandum Opinion and Order filed  May 27, 2003, this Court granted the Defendant's motion to dismiss with prejudice.

     On June 10, 2002,   Plaintiff filed the present motion requesting that the case be reopened pursuant to Rule 59(e) and that he be allowed to amend his complaint pursuant to Rule 15(a) of

the Federal Rules of Civil Procedure.  Defendant responded that the Plaintiff had not shown

grounds for granting relief under Rule 59(e) and that the proposed amendments did not remedy

the fatal deficiencies of the Complaint. Rather than filing a Reply,  Plaintiff filed his Motion for

Leave to Interview and Depose Witness, seeking to obtain  information from a  former employee

of Defendant concerning  Plaintiff's discharge, employment status, and Defendant's treatment of

other acting mangers in circumstances similar to Mr. Carrillo.   Plaintiff also sought to  extend

briefing with respect to the Rule 59(e) motion to allow additional time for Plaintiff to file a Reply

and Defendant to file a Surrepy.

Plaintiff's proposed  First Amended Complaint adds a claim for violation of the Collective

Bargaining Agreement between Plaintiff as a member of Defendant Communication Workers of

America, AFL-CIO ("CWA") and Defendant QWest, alleging a breach of that employment

agreement and demanding arbitration  of Plaintiff's termination.  Plaintiff's second claim, which is

directed towards Defendant CWA and its local affiliate, alleges that they refused to defend

Plaintiff under the CBA which constitutes a violation of the provisions of the Labor-Management

Relations Act of 1947.

After the court has granted a motion to dismiss, the court will entertain a motion to amend

pleadings only if the requesting party first files and succeeds on a motion to reopen a case under

Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. <u>See Calderon v. Kansas Dept.
of Soc. & Rehab. Serv.</u>, 181 F.3d 1180 (10th Cir. 1999).   A Rule 59(e) motion to amend

judgement is basically a motion for reconsideration.   <u>See Paraclete v. Does</u>, 204 F.3d 1005, 1012

(10th Cir. 2000).  The court may grant a motion to amend judgement for one of three reasons:

(1) an intervening change in the controlling law;  (2) the availability of new evidence; or (3)  the

need to correct clear error or prevent manifest injustice. Id. The court should not grant a Rule 59(e) motion in order for the movant to present new arguments or supporting facts that could have been offered initially. Van Skiver v United States, 952 F2d 1241, 1243 (10th Cir. 1991).

Carrillo's Motion makes no reference to any intervening change in the controlling law, to newly discovered evidence or to the need to correct clear error or prevent manifest injustice. Plaintiff argues that the Court's decision should be modified allow him to amend his Complaint to add new claims which concern Plaintiff's union or nonunion status, however, he offers no explanation of his failure to plead these claims initially except that the claims result from information strictly under the control of Defendant QWest. He argues that Defendant QWest's computer database holds that information and it has been wrongfully withheld from Plaintiff in this litigation. Plaintiff does not contend that he was unaware of the issue of his status as a possible member of the collective bargaining unit at the time the original complaint was filed.

Carrillo's Motion does not meet the requirements of Rule 59(e), therefore the court will not consider his request for leave to file an amended complaint. Because the case will not be reopened, Plaintiffs Motion for Leave to Interview and Depose Witness must also be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Motion to Modify or Amend Judgement Granting Defendant's Motion to Dismiss and for Leave to File First Amended Complaint [Docket No. 19] is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Interview and Depose Witness [Docket No.25] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE

3